## IN THE MATTER OF MARSHALL, Bankrupt.

(*District Court, D. Kentucky.* June, 1880.)

1. BANKRUPTCY—DISCHARGE—REV. ST. § 5110.—The discharge of a bankrupt is invalid under the eighth subsection of section 5110 of the Revised Statutes, where the consent of a creditor to such discharge was obtained by the father of the bankrupt, in consideration of a promise that such debt should be paid in full.

In Bankruptcy.

BARR, D. J. This case is submitted on the question of annulling the discharge granted bankrupt December 17, 1879. The bankrupt filed his petition to be adjudged a bankrupt in January, 1876, and he was so adjudged on the —— day of January, 1876. He reported no assets except such as were afterwards set apart to him. He reported a list of creditors, ten (10) in number, amounting to $2,455. Five of these creditors proved their debts, which amounted in the aggregate to over $1,600, and S. E. Jones was elected assignee on the eighth of February, 1876, and accepted. Jones, on the nineteenth of April, 1879, filed his petition, setting out the fact that no assets had been received by him, and that the bankrupt had not applied for his discharge, and asking to be discharged from his trust. This was done. After this, on

the twentieth of November, 1879, William Sisco proved a debt against the bankrupt, evidenced by a note dated August 21, 1858, and on the same day J. B. Marshall, the father of the bankrupt, proved his two debts against the bankrupt. These two then consented in writing to the discharge of the bankrupt. These debts were proven after the day set for final hearing upon the petition of the bankrupt for a discharge, which was March 23, 1877. The register reported to the court that one-fourth in number of the creditors, and one-third in value of the debts proven, had consented to the bankrupt's discharge, and the discharge was granted December 17, 1879. J. M. Robinson & Co., creditors of the bankrupt, filed, January 22, 1880, a petition to amend said discharge, and the specifications were subsequently amended. The bankrupt has appeared and responded, and the evidence has been heard.

The counsel for the petitioning creditors insist: *First.* That when the assignee settled his accounts, and resigned, the case was closed; that that was the final disposition of the cause within the meaning of section 5108, and proof taken and consent given after that time is inadmissible. See *In re Brightmore*, 15 N. B. R. 214. *Second.* That the assent must be filed at or before the day for hearing application for discharge. *Third.* That the debt of William Sisco, one of the two consenting creditors, was contracted before January 1, 1867, and should not have been considered in the question of discharge. *Fourth.* That the father of the bankrupt procured the consent of William Sisco to the discharge by a promise to pay the debt.

It is only necessary to consider the fourth objection. William Sisco stated that J. B. Marshall agreed with him, before he proved his debt, that if he would prove, and consent to his son's discharge, he would pay him the debt, and the son subsequently brought the money for his father and paid him the debt. The bankrupt stated that he had nothing to do with his father's agreement, and did not know of it until after it was made. He says that it was his father's money with which he paid William Sisco. This, I think, brings this case within section 5110. The eighth subsection of section 5100 says: "No discharge shall be granted, or, if granted, shall

be valid, in any of the following cases: * * * *Eighth,* if the bankrupt, or any person in his behalf has procured the assent of any creditor to the discharge, or influenced the action of any creditor, at any stage of the proceedings, by a pecuniary consideration or obligation." It may be that the bankrupt did not know of the agreement at the time it was made, but it was done in his behalf; not by a stranger, but his father, for whom he was then doing business.

I think petitioning creditors are entitled, under the provisions of section 5120, to have the discharge annulled. It will be so ordered.